# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| APREA II LIMITED PARTNERSHIP, an Arizona Limited Partnership, <br><br> Plaintiff, <br><br> vs. <br><br> THE LAW OFFICE OF JACOB HAFTER, P.C., a Nevada Corporation; JACOB HAFTER; JACLYN R. HAFTER; JOE DOE HAFTER; and JANE DOE HAFTER, <br><br> Defendants. | Case No.: 2:10-cv-01687-GMN-PAL <br><br> **ORDER** |

Before the Court is Plaintiff's Motion to Remand to State Court (ECF No. 8) pursuant to 28 U.S.C. § 1447. For the following reasons the Court GRANTS Plaintiff's Motion in part and DENIES it in part.

This case arises out of a breach of a lease agreement for rental property located in the city of Phoenix, Maricopa County, Arizona. Plaintiff, APREA II, brought suit in the Superior Court of the State of Arizona in and for Maricopa County on July 7, 2010. Defendants filed a petition for Removal to this Court based on diversity jurisdiction under 28 U.S.C. § 1332 (ECF No. 1). The Defendant, Law Office of Jacob Hafter, as a corporation that is incorporated and has its principal place of business in Nevada, is a citizen of Nevada pursuant to 28 U.S.C. § 1332(c)(1). Defendants Jacob Hafter and Jaclyn Hafter are also citizens of Nevada. The citizenship of John Doe Hafter and Jane Doe Hafter is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(a). Plaintiff is a citizen of Arizona.

28 U.S.C. §1441(a) provides:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending* ....

28 U.S.C. § 1446(a) provides:

A defendant or defendants desiring to remove any civil action ... from a State court *shall file in the district court ... for the district and division within which such action is pending a notice of removal* ....

Courts strictly construe the removal statute against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 61 S. Ct. 868 (1941); *Gaus v. Miles, Inc.*, 980 f.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus,* 980 F.2d at 566. "When a party removes a case to the improper federal district court, that district court's appropriate response should be to remand the case back to state court and not to transfer it under 28 U.S.C 1406(a), to the proper district." *Maysey v. CraveOnline Media, LLC*, 2009 WL 3740737 (D. Ariz. 2009) (*citing Addison v. North Carolina Dept. of Crime and Public Safety*, 851 F.Supp.214, 216 (M.D.N.C. 1994); *Willingham v. Creswell-Keith, Inc.,* 160 F.Supp. 741, 743 (W.D.Ark. 1958)). "The transfer statute, 28 U.S.C. § 1406, is a general venue statute and provides no authority to transfer the venue of removed actions, because 28 U.S.C. § 1441(a) governs venue in removed actions." *Id; See Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 665-66, 73 S.Ct. 900, 902, (1953) (holding that general venue statutes under 28 U.S.C. § 1391-and thus 28 U.S.C. § 1406-had "no application to this case because it [was] a removed action [ ][and] [t]he venue of removed actions is governed by [ 28

U.S.C. 1441(a) ]").

Here, Defendants' removal was to the improper federal district court.  Defendants should have removed the case to a federal court embracing Maricopa County, Arizona.  The Nevada District Court is not a court embracing Maricopa County, Arizona.  Plaintiff petitions the Court for remand based on a venue clause in the contract that states that any legal actions will be brought in the courts of the State of Arizona and because Defendants' Removal is defective for failing to comply with the timeliness of filing requirements under 28 U.S.C. § 1446(a).  The Court need not address either of Plaintiff's arguments because it lacks jurisdiction in that this case was improperly removed based on 28 U.S.C. § 1441(a).

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 8) is GRANTED and the case is remanded back to the Superior Court of the State of Arizona for the County of Maricopa.

DATED this 9th day of November, 2010.

_____
Gloria M. Navarro
United States District Judge